**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Lynch, | : |
| | : Civil Action No.: 1:10-cv-775 |
| Plaintiff, | : (DNH/RFT) |
| v. | : |
| | : |
| Financial Asset Management Systems, Inc.; | : **COMPLAINT** |
| and DOES 1-10, inclusive, | : |
| | : |
| | : |
| Defendant. | : |

For this Complaint, the Plaintiff, Michael Lynch, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Michael Lynch ("Plaintiff"), is an adult individual residing in Hudson, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Financial Asset Management Systems, Inc. ("FAM"), is a Georgia

business entity with an address of 1967 Lakeside Parkway, Suite 402, Tucker, Georgia 30084,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C.

§ 1692a(6).

6.    Does 1-10 (the "Collectors") are individual collectors employed by FAM and

whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be

joined as parties once their identities are disclosed through discovery.

7.    FAM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.    The Plaintiff incurred a financial obligation in the approximate amount of

$18,000.00 (the "Debt") to a creditor (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for

family, personal or household purposes and which meets the definition of a "debt" under

15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to FAM for collection, or FAM

was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

**B.  FAM Engages in Harassment and Abusive Tactics**

12.    FAM called the Plaintiff two (2) times per day in an attempt to collect the Debt

for over one month.

13.    FAM called the Plaintiff at his place of employment even though he told FAM

that he cannot be called there.

14.     FAM is rude and abusive when speaking with the Plaintiff.  FAM disconnects the call numerous times while the Plaintiff is speaking.

15.     The Plaintiff told FAM that he had already made numerous payments towards the Debt to Allied Interstate, and requested FAM to verify the correct amount of the Debt.

16.     FAM failed to verify the Debt.

17.     Instead, FAM began garnishing the Plaintiff's wages for the incorrect amount of the Debt.

18.     Furthermore, FAM froze the Plaintiff's bank account for 30 days.

19.     The Plaintiff called FAM to ask if he qualified for lower payments as he believes his income is not enough to cover the Debt.

20.     Before FAM learned of his income situation, FAM told the Plaintiff that he does not qualify.

21.     Afterwards, when the Plaintiff sent in his paperwork for the lower payment arrangement, FAM told him that he had sent in his paperwork past the deadline, and that they could not alter the garnishment.

22.     FAM failed to notify the Plaintiff of his rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

**C.  Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the

Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

28.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants

attempted to collect an amount not authorized by the agreement creating the Debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

37.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

38.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

39.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

40.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

41.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

44.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

45.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

46.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

48.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

49.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

50.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things,

6

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

51.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

52.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

54.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.    Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages, trebled, pursuant to NY GBL § 349;

4.    Against the named the Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

5.    Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6.    Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

7.    Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 30, 2010

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff